IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIANNA AGARDI,<br><br>    Plaintiff,<br><br>  v.<br><br>HYATT HOTELS CORPORATION, et al.,<br><br>    Defendants. | Case No. 17-cv-05612-MMC<br><br>**ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS; DISMISSING COMPLAINT** |

Before the Court is plaintiff Julianna Agardi's complaint and application to proceed in forma pauperis, both filed September 28, 2017.[1]  Having read and considered plaintiff's filings, the Court rules as follows.

As it appears from plaintiff's application that she lacks funds to pay the filing fee, the application to proceed in forma pauperis is hereby GRANTED.

Where, as here, a party proceeds in forma pauperis, the district court, pursuant to 28 U.S.C. § 1915(e)(2), must dismiss the complaint if the plaintiff "fails to state a claim on which relief may be granted" or the action is "frivolous or malicious."  See 28 U.S.C. § 1915(e)(2)(B).  In her complaint, plaintiff asserts claims against two defendants, specifically, Hyatt Hotels Corporation, Global Hyatt ("Hyatt") and Yahoo Inc. ("Yahoo"). Pursuant to § 1915(e)(2), the Court considers in turn plaintiff's claims against Hyatt and Yahoo.

**A. Claims Against Hyatt**

As discussed below, the instant action is the second of two actions plaintiff has

---

[1] On October 24, 2017, the above-titled action was reassigned to the undersigned.

filed in this District against Hyatt, in each of which plaintiff challenges both the propriety of her termination by Hyatt and alleged retaliatory actions taken by Hyatt subsequent thereto.

In the first of those two actions, filed in 2014 and titled Agardi v. Hyatt Hotels Corp., CV 14-0347 MMC (hereinafter, "Agardi I"), plaintiff alleged that, in 2003, after she reported she had been subjected to sexual harassment, Hyatt terminated her employment and thereafter engaged in numerous acts of retaliation, such as "hack[ing]" plaintiff's "email" and "resume." (See Agardi I Compl. at 10, 13, 15.) Agardi I was dismissed by the Court for failure to state a claim (see Doc. 29, Agardi I); plaintiff's appeal from the order of dismissal was found to be "frivolous" by the Court of Appeals for the Ninth Circuit (see Doc 44, Agardi I), and subsequently was dismissed by the Ninth Circuit for failure to prosecute (see Doc. 45, Agardi I.)

In this action (hereinafter, "Agardi II"), plaintiff again alleges that, in 2003, Hyatt terminated her employment after she reported she had been subjected to sexual harassment and that Hyatt thereafter engaged in numerous acts of retaliation, such as "hack[ing] up [plaintiff's] email accounts and resume." (See Agardi II Compl. at 11, 13.) Based thereon, plaintiff asserts ten Claims, two of which arise under federal law, specifically, Title VII and the Computer Fraud and Abuse Act,[2] and the remainder of which arise under state law.

An in forma pauperis complaint that "merely repeats pending or previously litigated claims" is subject to dismissal under § 1915(e)(2)(B). See Cato v. United States, 70 F.3d

---

[2] Although the caption cites additional federal statutes, specifically, 42 U.S.C. § 1983, the CAN SPAM Act, 15 U.S.C. §§ 7701-13, and 47 U.S.C. § 223, the complaint includes no claim brought thereunder. Moreover, plaintiff's factual allegations do not implicate § 1983, as the instant complaint does not involve action taken "under color of state law," see Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980) (setting forth elements of claim under § 1983), nor is plaintiff an "internet service provider," which is the only party who can bring a private cause of action under the CAN SPAM Act, see Gordon v. Virtumundo, Inc., 575 F.3d 1040, 1048-50 (9th Cir. 2009), and no private cause of action exists under § 223, see Davis v. FBI, 2017 WL 4310762, at *3 (S.D. Cal. September 27, 2017) (citing cases).

2

1103, 1105 n.2 (9th Cir. 1995) (quoting Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988)); see also Bailey, 846 F.2d at 1021 (holding "duplicative" complaints filed in forma pauperis are "frivolous" and "malicious" and thus subject to dismissal).

A comparison of the complaint filed in Agardi I with the complaint filed in Agardi II establishes that the later-filed complaint repeats against Hyatt the same allegations the Court previously found failed to state a claim in Agardi I. Specifically, plaintiff asserted in Agardi I, and repeats in Agardi II, the following allegations against Hyatt: (1) while she worked for Hyatt, the Executive Sous Chef transferred plaintiff to the "Employee Cafeteria" and cut her pay by fifty cents (see Agardi I Compl. at 10; Agardi II Compl. at 11, 13); (2) after plaintiff reported to Hyatt that the Executive Sous Chef had engaged in "sexual harassment," plaintiff was terminated for "lying" (see Agardi I Compl. at 8, 10, 11; Agardi II Compl. at 11, 13); (3) after the termination, Hyatt "hacked up" plaintiff's "resume," her "email accounts," and "her computer files" (see Agardi I Compl at 8; Agardi II Compl. at 11, 13, 14, 17); (4) when plaintiff later obtained employment with a different employer, specifically, NCPHS Sequoias, Hyatt sent NCPHS Sequoias a letter in which Hyatt, pretending to be an "overseeing government agency," stated plaintiff had a "criminal record," and plaintiff was then fired by HCPHS Sequoias (see Agardi I Compl. at 8, 10, 13-14; Agardi II Compl. at 11, 14); (5) Hyatt "appropriated" plaintiff's "likeness" and placed it on websites (see Agardi I Compl. 27; Agardi II Compl. at 15, 19); (6) Hyatt sent plaintiff "thousands" of unwanted emails, including pornography, Viagra advertisements, and communications from "dating" websites (see Agardi I Compl. at 13, 25-26, 29; Agardi II Compl. at 11, 14-15, 18-19); (7) Hyatt sent plaintiff an email accusing plaintiff's boyfriend of being a "rapist" (see Agardi I Compl. at 17, 21; Agardi II Compl. at 13, 20); (8) Hyatt emailed computer "virus[es]" to plaintiff (see Agardi I Compl. at 18; Agardi II Compl. at 17); (9) Hyatt created a false "LinkedIn" account in plaintiff's name (see Agardi I Compl. at 15; Agardi II Compl. at 19); (10) Hyatt's counsel "downloaded" programs that gave counsel control over aspects of plaintiff's computer (see Agardi I Compl. at 17-18; Agardi II Compl. at 18); (11) Hyatt placed a "GPS" program in plaintiff's computer (see

Agardi I Compl. at 23; Agardi II Compl. 16-17); (12) when plaintiff signed onto her computer, Hyatt "redirected" her to websites (see Agardi Compl. I at 18; Agardi II Compl. at 11); and (13) Hyatt videotaped plaintiff through a window and then stated on the "Internet" that plaintiff was a "tenant from hell" (see Agardi I Compl. at 14; Agardi II Compl. at 13, 20). In sum, the claims plaintiff asserts against Hyatt in Agardi II are based on the same allegations as the claims plaintiff asserted against Hyatt in Agardi I.

Accordingly, the Court finds the instant action, as alleged against Hyatt, is duplicative and, consequently, is subject to dismissal pursuant to § 1915(e)(2)(B). See Cato, 70 F.3d at 1105 n.2; Bailey, 846 F.2d at 1021 (5th Cir. 1988).

**B. Claims Against Yahoo**

With respect to Yahoo, plaintiff alleges that her Yahoo email accounts were among the accounts that Hyatt "hacked up" (see Agardi Compl. II at 15, 17-18), that Yahoo email accounts were used to send plaintiff "virus[es]" and "GPS tracking," as well as "attachments" that downloaded programs onto plaintiff's computer (see Agardi II Compl. at 17-18), and that Yahoo advised plaintiff her "email accounts were compromised" (see Agardi II Compl. at 11; see also Agardi II Compl. at 14 (alleging "the hacking" was "admitted by Yahoo")). Based thereon, plaintiff asserts against Yahoo claims for "negligence" and "fraud/deception," both of which arise under state law. (See Agardi II Compl. at 21.)

The Court has original jurisdiction over the above-titled action in light of the federal claims plaintiff has alleged against Hyatt,[3] and the Court's jurisdiction over the state law claims asserted against Yahoo is supplemental in nature. See 28 U.S.C. § 1367(a). Where, as here, a court has dismissed all claims over which it has original jurisdiction, it may decline to exercise supplemental jurisdiction. See 28 U.S.C. § 1367(c)(3). Here,

---

[3] As plaintiff acknowledges in the Civil Cover Sheet filed concurrently with her complaint, the parties are not diverse. Plaintiff is a citizen of California (see Civil Cover Sheet), as is Yahoo, see Yahoo! Inc. v La Ligue Contre Le Racisme Et L'Antisemitisme, 433 F.3d 1199, 1201 (9th Cir. 2006).

given the early stage of the proceedings, the Court declines to exercise supplemental jurisdiction over the state law claims alleged against Yahoo.

Accordingly, plaintiff's claims against Yahoo will be dismissed, without prejudice to plaintiff's realleging them in state court.

## CONCLUSION

For the reasons stated above, the complaint is hereby DISMISSED as follows:

1. Plaintiff's claims against Hyatt are DISMISSED without leave to amend, pursuant to 28 U.S.C. § 1915(e)(2)(B); and

2. Plaintiff's claims against Yahoo are DISMISSED without prejudice, pursuant to 28 U.S.C. § 1367(c)(3).

The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: October 26, 2017

MAXINE M. CHESNEY
United States District Judge